WEATHERBEE, Justice.
The defendant was adjudicated to have committed a juvenile offense by a Judge in the District Court, District Five, Central Hancock, sitting as a Juvenile Court. He entered an appeal and the matter was heard on appeal by a Justice of the Superi- *589 or Court. The hearing in the Superior Court was of the private, informal nature required by 15 M.R.S.A. § 2664. The judgment of the Justice was adverse to the defendant and he has appealed from this judgment. We sustain his appeal for a limited purpose.
The petition on which the Juvenile Citation issued alleged that the defendant had unlawfully broken and entered the Bucks-port Printing Company office in the nighttime and had stolen money of the proprietor.
At the hearing in the Superior Court, the proprietor testified that on the evening of March 28, 1975 at 10 p. m., he left his building intact, locked, with several dollars in the cash drawer and that when he returned at 11:40 p. m. he found the glass in the front door broken out, the door open, and the money mising. A gentleman, who lived across the street and some 150 to 200 feet distant from the Bucksport Printing Company building, testified that at approximately 11:15 p. m. he looked out his window and saw a young male person break open the front door, leave and hide behind a fence when cars drove by, then return and enter the building. He came out in eight or ten minutes at which time he was joined by another youth who had suddenly appeared and the two walked down the street together to a point about opposite the witness’s position where they stopped to talk with another person in the middle of the street. The witness identified the defendant as the person he saw breaking and entering the building.
The State also presented as a witness an 18-year-old youth who testified that he and the defendant separated near the Bucksport Printing Company building, that he stayed nearby in the park “to watch for the police”, that he heard glass breaking and that the defendant rejoined him about five minutes later. The witness admitted having consumed about six beers that evening. He had earlier received a suspended sentence for his participation in the incident.
No defense was presented.
On appeal, the defendant’s court appointed counsel points to some inconsequential discrepancies in the testimony which he contends renders the testimony incredible and insufficient to constitute proof beyond a reasonable doubt.
We can find no merit to these contentions. There was nothing inherently incredible in the testimony presented by the State. We have said:
“The credence to be given to witnesses, the resolution of conflicts and inconsistencies existing in the testimony of witnesses or in the testimony of any single witness and the weight to be given to any particular portion thereof, are all matters for the jury to settle.” State v. Fournier, Me., 267 A.2d 638, 641 (1970).
The same principle applies when the Justice is the trier of the facts. There was no lack of evidence to support his decision that the defendant had done the acts charged.
At the conclusion of testimony and argument the Justice said:
“From all of the testimony the Court is satisfied beyond a reasonable doubt, that this crime of breaking and entering and larceny in the nighttime was committed, and that the defendant W**** L****, Jr. committed it. I find him guilty.”
The judgment and order of commitment reflects that it was adjudged
“that the defendant has been convicted on his plea of not guilty of the offense of breaking, entering and larceny in the nighttime as charged by the Juvenile Petition and ordered that he be committed into the custody of the Superintendent of the Men’s Correctional Center.”
*590 The defendant was under 18 years of age when he committed the acts charged and so was then entitled to consideration as a juvenile offender under IS M.R.S.A. § 2502(4) as amended by P.L.1973, ch. 351. By the time of his hearing in the Superior Court he had attained the age of 18 years, but a few weeks before the hearing there had become effective legislation enacted as an emergency measure which defined a juvenile, for these purposes, as
“any person who was under the age of 18 years at the time the act or offense specified in chapters 401 to 409 was committed, but shall not include any person who has attained the age of 21 years.” P.L.1975, ch. 62, § 2.
Therefore the defendant was, at time of hearing, and still is, subject to consideration as a juvenile offender (the Judge in the Juvenile Court not having found probable cause to hold the juvenile for action by the grand jury under 15 M.R.S.A. § 2611(3) ).[1]
Of course, the defendant could not validly be found guilty of a crime in the absence of a finding of probable cause by the Juvenile Court (15 M.R.S.A. § 2611(3) ) and a proper judgment in the State’s favor would have been an affirmation of the adjudication of commission of a juvenile offense. We are satisfied, however, that the Justice realized this and that his statement that he was convinced that the defendant was guilty of the crime of breaking, entering and larceny in the nighttime was only an unfortunate expression of his conclusion that it had been proven that the defendant did the acts which would have constituted this offense if done by an adult.[2] The Justice demonstrated from the beginning of the hearing his appreciation of the necessities of juvenile procedure, except for this oversight. The matter must be remanded to the Superior Court for correction of his judgment of guilt and for appropriate disposition of the matter under 15 M.R.S.A. § 2611, as amended. See, Weeks v. State, Me., 267 A.2d 641 (1970).
The entry will be:
Appeal sustained.
Order of commitment set aside.
Judgment set aside.
Remanded for correction of judgment and further disposition of case.
All Justices concurring.

. At the time of the judgment in this case, 15 M.R.S.A. § 2611 (A-l) as amended and 34 M.R.S.A. § 802 authorized the commitment to the Men’s Correctional Center of juveniles who had been adjudicated to have committed juvenile of fennels. This authorization no longer exists since the repeal of sub-section A-l by P.L. 1975, ch. 538, § 3 and the amendment of section 802 by P.L.1975, ch. 538, § 15.

. It seems likely that the Justice had in mind that 15 M.R.S.A. § 2611 was amended by P.L.1973, ch. 522 to prohibit the commitment of a juvenile by the Juvenile Court to the Men’s Correctional Center or the Women’s Correctional Center unless the act committed by the juvenile would have constituted a crime if committed by an adult.