**STATE of Maine**

**v.**

**Richard CARVER.**

Supreme Judicial Court of Maine.

Jan. 17, 1975.

Thomas E. Delahanty, II, Dist. Atty., Auburn, for plaintiff.

John D. Griffin, Lewiston, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

The Androscoggin County Grand Jury indicted the appellant for the crime of robbery,[1] using this language:

"THE GRAND JURY CHARGES:

On or about the 15th day of March, 1973, at Lewiston, County of Androscoggin, and State of Maine, the above named defendant Richard Carver did by force and violence take, steal and carry away the property of Leon Morris, to wit, one wallet and six-dollars ($6.00) in currency of the United States, from the person of Leon Morris."

After hearing the evidence, a traverse jury returned a guilty verdict and the Justice presiding, acting within the permissible limits of 17 M.R.S.A. § 3401, sentenced the defendant to serve not less than two and one-half years nor more than five years in the Maine State Prison.

---

1. "Whoever, by force and violence or by putting in fear, feloniously steals and takes from the person of another property that is the subject of larceny is guilty of robbery and shall be punished by imprisonment for any term of years." 17 M.R.S.A. § 3401.

The defendant has appealed, basing his position upon the following points:

"The verdict returned by the jury *and sentence imposed* by the court upon said verdict are in error, for the reason that said verdict and *sentencing* are against the weight of factual evidence presented." (Emphasis supplied.)

We deny the appeal.

Initially, we construe the above quoted statement of points on appeal as being limited only to the question of whether the guilty verdict was supported by legally sufficient evidence. The use of the expression, "and sentence imposed by the court," is surplusage in the context of a direct appeal from a criminal conviction. The right to a review of a legally imposed sentence to the Maine State Prison is limited by the provisions of 15 M.R.S.A. §§ 2141–2144. Under this statute the appellate division of the Supreme Judicial Court has exclusive jurisdiction of such appeals from sentence and its decision thereon is final. When the Supreme Judicial Court sits as the Law Court its jurisdiction is established by 4 M.R.S.A. § 57, which does not encompass sentence review. As Professor Glassman puts it:

"The appellate review of sentence provided for by the new statute should be carefully distinguished from an ordinary appeal. In an appeal to the Supreme Judicial Court sitting as the Law Court [footnote omitted], the Court does not and may not review the sentence except to the extent that there may be involved in the appeal a claim that an illegal sentence was imposed. On the other hand, an appeal to the appellate division of the Supreme Judicial Court, pursuant to the new statute, to seek review of the sentence does not permit the appellate division to consider any alleged errors in the proceedings; the sole issue which the appellate division may consider is the propriety of the sentence imposed." Glassman, Maine Practice, Rules of Criminal Procedure, Commentary 40.1.

Appellant failed at any time to make a motion for judgment of acquittal pursuant to Rule 29, M.R.Crim.P., nor did he file a motion for a new trial pursuant to Rule 33, M.R.Crim.P. Thus

"the foundation for . . . appellate relief not having been laid at trial level, the sufficiency of the evidence to support the verdict is not before us."

State v. Sawyer, 314 A.2d 830, 832 (Me. 1974). Our review of the record, therefore, must be limited to whether the conviction resulted from "obvious errors or defects affecting substantial rights." Rule 52(b), M.R.Crim.P.; State v. Call, 322 A. 2d 64 (Me.1974).

There was conflicting evidence before the jury. Condensed, the victim testified that after spending a considerable time with certain acquaintances, including the appellant, during which appreciable quantities of intoxicating liquors were consumed, he was assaulted by the appellant who, on his refusal to supply more money for the purchase of additional intoxicants, forced him against a wall, struck him several times, and took his wallet and six dollars from his pockets, after which he was dragged down two flights of stairs and thrown onto the street. A police officer next observed the victim and testified:

"Mr. Morris was in a dazed condition. He couldn't even give his name or anything. His face was covered with blood. He kept complaining of pain in his stomach."

On the other hand, the appellant denied any physical contact with the victim. He testified that he left the apartment where there had been a considerable amount of drinking, and when he returned he found the victim "stretched out on the bottom of the stairs in the doorway." Although there was some factual support for the appellant's testimony, the jury was left with the clear choice of whether to believe the testimony of Mr. Morris or that of the appellant.

In State v. Trask, 223 A.2d 823, 825 (Me.1966), we held:

"Proof beyond a reasonable doubt may rest upon the testimony of a single witness. [Citation omitted.] The testimony of a robbery victim, if it is positive and credible, when believed by the trier of facts, is sufficient of itself to warrant a conviction and no corroborative evidence is required. . . ."

The testimony of the victim established all the elements of the crime of robbery. *See* State v. McKeough, 300 A.2d 755 (Me.1973). The verdict, in light of the very clear instructions by the Justice presiding, makes it apparent that the jury accepted the testimony of Mr. Morris and rejected that of the appellant. Since the evidence was legally sufficient to support the verdict and since we have been unable to detect in the record any obvious errors or defects which affect appellant's rights, the entry must be:

Appeal denied.

All Justices concur.

POMEROY and DELAHANTY, JJ., did not sit.