**STATE of Maine**

v.

**Joseph C. CHESNEL.**

Supreme Judicial Court of Maine.

June 2, 1976.

Thomas E. Delahanty, Jr., Dist. Atty., John B. Cole, Asst. Dist. Atty., Auburn, for plaintiff.

Berman, Berman & Simmons, P. A., by Robert A. Laskoff, Lewiston, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

The defendant has appealed from his conviction following a jury trial for violat-

ing 29 M.R.S.A. § 1312(10)(A), which provides:

"Whoever shall operate or attempt to operate a motor vehicle within this State while under the influence of intoxicating liquor or drugs, upon conviction for a first offense, shall be punished by a fine of not more than $1,000 or by imprisonment for not more than 90 days, or by both . . . ."

The sole reason asserted in support of the appeal is based on the following statement which appellant's counsel made a part of the record following the imposition of a sentence of thirty days in the Androscoggin County Jail:

"[DEFENSE COUNSEL]: Yesterday afternoon, after the noon recess, at a conference in chambers, the presiding justice . . . informed me that if at that time my client had wished to enter a plea of guilty the Court would assess a fine only. If my client wish [sic] to go through with the entire trial and was found guilty by a jury, then the Court would assess a penalty in terms of time in jail. I believe that should be on the record in case my client does wish to . perfect an appeal. I would ask the presiding justice whether or not that is a correct statement that I have made?

THE COURT: That is correct . . . ."

Appellant's counsel has stated the basic reason for this appeal[1] in Paragraph 3 of the statement of points of appeal, namely:

"That the actions of the said [presiding Justice] described above deprived the said Defendant, Joseph Chesnel, his right to a jury trial, his right to due process, and his right to a fair and just trial and under the laws of the United States and the State of Maine; and that said ac-

tions of the [presiding Justice] were in violation of his duty to exercise his sound discretion as a Judge after a jury verdict had been rendered."

Since the record is silent thereon, we must assume that the appellant was accorded a completely fair jury trial. There is no argument that the jury had any awareness of the statement made by the presiding Justice, about which complaint is now made. Neither is there the slightest suggestion that the Justice made any statement to the jury which would otherwise taint its verdict. Thus, despite the broad language in the above quoted paragraph, we conclude that the only claimed failure of due process on which the appeal is premised is in the sentencing procedure.

The right to appeal directly to the Law Court in a criminal proceeding from the imposition of a sentence is limited. The quantum of a sentence which has been imposed in a legally permissible manner within the statutory limits is not subject to direct appeal. Otherwise stated, when the Supreme Judicial Court sits as a Law Court (4 M.R.S.A. § 57), it has only a limited appellate jurisdiction to review criminal sentences. *State v. Carver*, 330 A.2d 785 (Me.1975). This limited jurisdiction is for the purpose of reviewing sentences which allegedly have been imposed in violation of constitutional guarantees, based on the theory that when acts of a sentencing justice prejudicially deprive a criminal defendant of constitutional safeguards the court loses its jurisdiction to impose sentence. *State v. Staples*, 354 A.2d 771 (Me.1976).

This is not to say, of course, that the Law Court has jurisdiction, given proof of such a constitutional break-down to *alter* any sentence, the end result of a successful appeal being to remand for a new and val-

---

1. We have not been furnished any transcript of the actual trial so we have no knowledge of any of the facts upon which the jury based its guilty verdict. The sentencing transcript which is before us, however, does supply the rationale expressed by the Justice below in determining that a thirty day county jail sentence was appropriate.

idly imposed sentence. *See Scott v. United States*, 135 U.S.App.D.C. 377, 419 F.2d 264 (1969).

With these precepts in mind we now turn to the issues advanced by the appellant.

Since the sentencing transcript clearly discloses valid and rational reasons underlying the sentence actually imposed,[2] we must construe appellant's first argument as urging this Court to adopt the rule that when a presiding justice uses language which suggests differential sentencing, any sentence thus imposed is per se constitutionally invalid.

Appellant cites *Scott v. United States, supra,* as authority for this position. We note, of course, that the comments of Chief Judge Bazelon with respect to the issue of differential sentencing are dicta, as was pointed out in the concurring opinion of Judge Leventhal. As we read *Scott,* which adopted the rationale of the Fifth Circuit in *Thomas v. United States,* 368 F. 2d 941 (5th Cir. 1966), the reason for the reversal of the conviction was that the trial Judge, at the time of allocution, impermissibly sought to obtain an acknowledgment of guilt preliminarily to imposing sentence. *Scott,* therefore, is not absolute authority for the per se rule advocated by the appellant and which we decline to adopt.

■ As we have pointed out, this record supplies adequate reasons for imposing the sentence now complained of and on this record there is a complete absence of any facts showing a nexus between the quoted statement of the Justice and the sentence actually imposed. 14 M.R.S.A. § 5502 authorizes relief in the form of post-conviction habeas corpus for the reason (among others) "that his sentence was imposed in violation of the Constitution of the United States or of this State." In this type of proceeding errors not of record may be proven and evidence explanatory of what might on the surface appear to be errors of record may be admitted. It is our feeling in the interest of even handed justice that the post-conviction remedy is more appropriate than the adoption of the per se rule which appellant urges on us.

Appellant next argues, alternatively, that the rights of the defendant were "complied with in form but violated in substance" since the decision as to sentencing was made before the jury had returned a guilty verdict and the defendant was not present at the time this was done, in violation of Rule 32(a), M.R.Crim.P. As we read it, the Rule does not require the Justice to determine in the presence of the defendant what the sentence is to be, but only requires the court to address the defendant personally "before *imposing* sentence" and to afford him an opportunity "to be heard prior to the *imposition* of sentence." The sentencing transcript shows a literal compliance with this Rule. The statement to defense counsel in chambers during the progress of the trial cannot be considered an imposition of sentence. We construe the comment to be merely a statement of the then present thinking of the Justice.

■ Appellant next argues that the sentence imposed should be vacated because the Justice below played a role in plea bargaining. We agree with the State's position that no plea in fact was bargained since the appellant's "not guilty" plea stood

2. After giving the appellant an opportunity to make a statement, which was declined, the Justice analyzed appellant's past criminal record which included two convictions of assault and battery, one for resisting arrest, and at least one conviction of larceny. The Justice then stated: "And I'm satisfied, Mr. Chesnel, that a jury verdict, such as was returned, was a proper verdict. The testimony of the police officer would indicate, as far as I'm concerned, that you were more than just under the influence on this occasion, that you were intoxicated and constituted a hazard,—a danger, a menace to yourself and other persons on the street by operating a motor vehicle. And I feel the consequences require the sentence that I am imposing upon you."

until it was eradicated by the jury verdict. Since the trial itself apparently comported with all legal formalities, we see no occasion to vacate the sentence for this reason.

Finally, appellant urges that the conviction itself should be reversed and that "he should be entitled to a new trial on the substantive charges of operating under the influence" because "judicial impropriety occurred in the middle of the trial" and "the verdict should be set aside without any affirmative showing of prejudice on his part." We reject this contention.

We agree with the appellant that judges should not seriously make statements comparable to that here quoted and we do not intend our denial of this appeal to be interpreted as sanctioning such comments. However, we are aware, of course, that conversation in chambers conferences which is not made a part of the record is often subject to misinterpretation. Since we have no record before us, we are unable to say whether these particular remarks were seriously intended or otherwise.

We also note the availability of certain procedures which would have alerted the presiding Justice to the claim of prejudice now being made. Appellant, at the time of the chambers conference, was free to move for a mistrial, in which he could have made the same contention of unconstitutional conduct as is now being advanced. This was not done. Similarly, the same motion could have been made at the conclusion of the testimony and prior to submitting the case to the jury. Again, this was not done. During the sentencing procedure, which occurred on the day following the trial, another opportunity was presented to advance the same arguments and

this was not done. We recognize the very real possibility that the failure to do any of these things was the result of trial strategy, the failure of which became finally apparent only when the sentence was imposed. Even after the imposition of sentence the appellant could have raised this issue by moving pursuant to Rule 35(a), M.R.Crim. P., which provides:

> "(a) Correction and Revision of Sentence. The justice who imposed sentence may revise a sentence prior to the commencement of execution thereof and may correct an illegal sentence or a sentence imposed in an illegal manner within sixty days after the sentence is imposed . . . ."

He did not do this.

We point out these various possibilities to emphasize that Maine criminal practice affords a defendant many avenues through which he may protect himself against improprieties in a trial. By utilization of these procedures an appellant may bring to this Court a record from which we may determine whether judicial impropriety is of such a serious nature as to justify the reversal of a conviction. However, we do not accept the appellant's argument that we should do so in the abstract.

The entry is:

Appeal denied.

DELAHANTY, J., did not sit.

WEATHERBEE, J., sat at argument and participated in consultation but died prior to preparation of opinion.

All Justices concurring.