**STATE of Maine**

v.

**Roland J. ALLISON, III.**

Supreme Judicial Court of Maine.

Argued Nov. 21, 1980.

Decided March 24, 1981.

Michael Povich, Dist. Atty. (orally), Mark Beede, Law Student, Ellsworth, for plaintiff.

Fellows, Kee & Nesbitt, Edward C. Russell (orally), Bangor, for defendant.

Before WERNICK, GODFREY, NICHOLS, GLASSMAN, ROBERTS and CARTER, JJ.

ROBERTS, Justice.

Roland J. Allison appeals from a judgment of conviction for robbery under 17–A M.R.S.A. § 651 (Supp.1980) in Superior Court, Hancock County, after a jury-waived trial. Allison suggested that the indictment was insufficient to charge the requisite intent or to charge him as an accomplice; that the evidence was insufficient to support his conviction; and that the sentencing justice failed to state on the record the reasons for the sentence he imposed. We affirm the judgment.

After 9 o'clock on the evening of July 17, 1979, Mrs. Dow, a fifty-six-year-old woman, was walking home from work on High Street toward Main Street in Ellsworth, Maine. She heard footsteps behind her. Glancing over her shoulder, she saw two young men, one short and one tall, approaching her. Within seconds, she was pushed to the ground. Looking up from the ground, she saw one of the two young men pulling at her pocketbook. The pocketbook's strap broke and the two young men escaped with the pocketbook down a nearby driveway. Later that evening, the Ellsworth police recovered Mrs. Dow's pocketbook behind a nearby gasoline station and she discovered that $50.00 was missing. In her fall, Mrs. Dow sustained bodily injuries.

The victim could not identify the defendant at trial. Two police officers, however, who saw the defendant and a companion

together in the vicinity of the crime that same evening, did identify the defendant in open court. Further, the defendant's companion, Michael Jeffries, was known by the Ellsworth police and testified at trial that on the evening of July 17 he and the defendant planned and committed the robbery of Mrs. Dow. According to Jeffries, the defendant proposed that Jeffries grab her purse while the defendant run closely behind him to prevent the victim from seeing Jeffries. Jeffries could not identify the defendant at trial, but testified that he met the defendant for the first time on the evening of July 17, remembered his name, and had not seen him since.

The presiding justice found the defendant guilty of robbery as an accomplice, as defined in 17–A M.R.S.A. § 57(2), (3)(A) (Supp.1980). After a hearing in which the prosecutor, defense counsel, and defendant participated, the court sentenced the defendant to eighteen months at the Maine Correctional Center.

### I.

The indictment under which the appellant was charged contained the following language:

> That on or about the seventeenth day of July, 1979, in the City of Ellsworth, County of Hancock, and State of Maine, RO-LAND J. ALLISON III, by recklessly inflicting bodily injury on MARION DOW, did commit theft by obtaining or exercising unauthorized control of the property of MARION DOW, to wit, one pocketbook of the value of thirty dollars ($30.00) and fifty dollars ($50.00) in money from the person MARION DOW, with the intent to deprive the said MARION DOW.

The appellant challenges the sufficiency of the indictment, first, because the word "thereof" is missing at the end of the charge and, second, because it charged him

as a principal rather than as an accomplice under 17–A M.R.S.A. § 57.

1. Under 17–A M.R.S.A. § 651(1) (Supp. 1980), an element of robbery is the commission of theft. The basic theft provision of the code provides in pertinent part: "A person is guilty of theft if he obtains or exercises unauthorized control over the property of another with intent to deprive him *thereof.*" 17–A M.R.S.A. § 353(1) (Supp.1980) (emphasis added). The word "thereof" means "of that or it." *Webster's International Dictionary* 2621 (1960). *Accord United States v. Hudson,* 65 F. 68, 71 (1894). Because the indictment omitted the word "thereof," appellant contends that it failed to allege a material fact that formed an essential element of the crime charged, namely that the property over which the defendant exercised unauthorized control was the same property of which the actor intended to deprive the victim.

 It is settled law that an indictment is insufficient when it fails to allege every material fact that forms an essential element of the crime charged. *See State v. Lunney,* Me., 400 A.2d 759, 762 (1979); *State v. Thibodeau,* Me., 317 A.2d 172, 179 (1974). This longstanding rule must be applied in view of the indictment's purpose, which is to apprise the defendant of what he is accused so that he may defend himself and make use of the judgment as a basis for a plea of former jeopardy. *State v. Damon,* Me., 395 A.2d 121, 122 (1978). *Accord, United States v. Young,* 618 F.2d 1281 (8th Cir. 1980). In assessing the sufficiency of an indictment, this Court has frequently stated that "[t]he test to be applied is whether a respondent of reasonable and normal intelligence would, by the language of the indictment, be adequately informed of the crime charged and the nature thereof . . . ." *E. g., State v. Charette,* 159 Me. 124, 127, 188 A.2d 898, 900 (1963). Under M.R.Crim.P. 7(c),[1] an indictment's sufficiency should be assessed on the basis of "prac-

---

1. The relevant portion of M.R.Crim.P. 7(c) provides:

 The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It need not contain a formal commencement, a formal conclusion, or any other matter not necessary to such statement.

tical rather than technical considerations." H. Glassman, *Maine Practice, Rules of Criminal Procedure* § 7.11 (1967). We conclude accordingly that where, as in this case, an indictment specifically identifies the victim's stolen property and charges the defendant with an intent to deprive the victim, the only reasonable interpretation of such a charge is that the defendant intended to deprive the victim of the property specifically identified in the indictment. Proper grammatical construction, while always preferable, is not always indispensable. The omission of the word "thereof," most likely an oversight, is not fatal to the indictment. *See Mahomet v. State*, 151 Ga. App. 462, 260 S.E.2d 363 (1979).

2. The indictment's sufficiency is also challenged because it did not contain language charging the defendant as an accessory under 17–A M.R.S.A. § 57 (Supp.1980) nor cite section 57 on its face.[2] Rather, the indictment was drafted so that only facts and allegations indicating the appellant was a principal in the commission of the robbery were set forth. Pointing to section 57's detail and scope, appellant contends that the section establishes an independent crime and, as such, should have been alleged or cited in the indictment.

■ Strong precedent and the very structure of Maine's Criminal Code belies appellant's argument. Chapter 3 of title 17–A sets forth general principles of criminal lia-

bility that apply to the specific crimes defined in later chapters. As recently as 1978, this Court has reaffirmed the rule that an indictment is sufficient if it charges an accessory as a principal. *State v. Collins*, Me., 392 A.2d 1078, 1080 n.2 (1978). *Accord State v. Mower*, Me., 317 A.2d 807, 811 (1974); *State v. Berube*, 158 Me. 433, 434, 185 A.2d 900, 901 (1962).[3] In fact, the common law in Maine has always condoned charging an accessory in the indictment as if he were a principal. *See State v. Ricker*, 29 Me. 84 (1848). Moreover, the federal courts and the courts of our sister states have countenanced indictments charging an accessory or principal in the second degree as a first degree principal. *E. g., Levine v. United States*, 430 F.2d 641 (7th Cir. 1970); *Madden v. Israel*, 478 F.Supp. 1234 (E.D. Wis.1979); *Holland v. State*, 91 Wis.2d 134, 280 N.W.2d 288 (1979). In view of the code's structure and the precedent supporting the sufficiency of the indictment here, we hold that it is unnecessary to cite section 57 or track its language in an indictment.

## II.

■ As a second point on appeal, Allison contends that the evidence was insufficient as a matter of law to support the conviction for robbery under 17–A M.R.S.A. § 651 (Supp.1980). Allison points to the failure of either Jeffries or the victim to identify him in open court. The circum-

---

**2.** 17–A M.R.S.A. § 57 provides in pertinent part:

 1. A person may be guilty of a crime if it is committed by the conduct of another person for which he is legally accountable as provided in this section.

 2. A person is legally accountable for the conduct of another person when:

 . . . .

 C. He is an accomplice of such other person in the commission of the crime, as provided in subsection 3.

 3. A person is an accomplice of another person in the commission of a crime if:

 A. With the intent of promoting or facilitating the commission of the crime, he solicits such other person to commit the crime, or aids or agrees to aid or attempts to aid such other person in planning or committing the crime. A person is an accomplice under this subsection to any crime the commission of

which was a reasonably foreseeable consequence of his conduct . . . .

**3.** Against this strong background of precedent, the appellant has cited one precode case as authority for the proposition that an indictment is insufficient if an accessory is charged as a principal. *State v. Heald*, Me., 307 A.2d 188 (1973). In *Heald*, this Court addressed the issue of whether a defendant could be convicted as an accessory on an indictment charging him as an accessory, but where the only evidence established the defendant's guilt as a principal. Despite the Court's pronouncement that an accessory conviction was an independent substantive offense, the Court carefully refused to decide whether a criminal defendant indicted and tried both as an accessory and as a principal could be convicted of both. *State v. Heald, supra*, at 198 n. 9.

stances, however, which included Jeffries' memory of the defendant's name and the police identification of Jeffries' companion, were sufficient to support a finding of guilty. This Court, in assessing the sufficiency of evidence, does not assume the role of factfinder or evaluate credibility. We have reviewed the record and determined that a factfinder could rationally conclude beyond a reasonable doubt that the defendant was guilty. *State v. Lagasse*, Me., 410 A.2d 537, 542 (1980).

### III.

In sentencing the appellant to eighteen months at the Maine Correctional Center, the trial court stated only that it "had considered the presentence information available to [it] on previous convictions, and the nature of this crime, and the words of counsel and the defendant." Appellant contends that the eighteenth-month sentence imposed by the court was illegal because the trial justice did not articulate his reasons for imposing the sentence with particular reference to the general purposes of sentencing set forth in 17–A M.R.S.A. § 1151 (Supp.1980).

■ At the outset, we note that this Court's appellate role is limited to review of the sentence's legality. Review of a sentencing order's propriety is a matter within the jurisdiction of the Appellate Division of the Supreme Judicial Court, and that body's decision is final. *State v. Carver*, Me., 330 A.2d 785 (1975); 15 M.R.S.A. §§ 2141–44. *See State v. Parker*, Me., 372 A.2d 570 (1977); H. Glassman, *supra* at § 40.1. Accordingly, this opinion has no bearing on the propriety of the sentence, should the appellant challenge the sentence in an appeal to the Appellate Division.

Contesting the sentence's legality, appellant cites the Appellate Division's unpublished opinion and order in *State v. Anderson* and *State v. Sabatino*, Nos. 78–37, 78–40 (Me.App.Div. June 13, 1980). In *Anderson*, the Appellate Division reviewed sentences of life imprisonment imposed on two defendants who were both convicted of murder under 17–A M.R.S.A. § 201(1)(A).

The Court reduced both sentences to 40 years. In its opinion, it criticized the Superior Court's failure to articulate which of the eight criteria set forth in 17–A M.R.S.A. § 1151 guided its determination of the sentencing orders. It listed four reasons why such an explication serves a worthwhile function, and concluded: "when imposing a criminal sentence, every presiding Justice should articulate the reasons for that sentence with particular reference to the legislatively mandated criteria in Section 1151." *State v. Anderson, supra* at 6.

The quoted language cannot be read as requiring trial courts to make specific reference to the purposes behind a sentencing order as a matter of law. Nowhere in our statutes has the legislature mandated such explication in every case; and in those instances where the legislature thought reasons for a sentence should accompany a sentencing order, it has specifically required them to be articulated. *E. g.*, 17–A M.R.S.A. § 1155(4) (Supp.1980) (required when imposing consecutive sentences).

■ Rather, the Appellate Division in *Anderson* was quite properly urging trial justices to articulate their reasons for imposing a particular sentence because such a practice not only promotes justice, but "assists the appellate tribunal in its review of the sentence." *Anderson* at 6. We conclude, therefore, that while the practice of articulating the purposes for imposing a particular sentence is to be encouraged, the failure of a trial court to observe the practice does not render the sentence imposed illegal, a prerequisite to the exercise of the Law Court's jurisdiction.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.