STATE of Maine

v.

Steven E. SMITH.

Supreme Judicial Court of Maine.

Argued Nov. 16, 1981.

Decided Dec. 4, 1981.

---

1. All of the rest of the record evidence had been taken out in deposition or before another commissioner.

David M. Cox, Dist. Atty., Gary F. Thorne, Asst. Dist. Atty. (orally), Bangor, for plaintiff.

Paine & Lynch, Martha J. Harris (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

The defendant was charged by complaint with the offense of public indecency. Following trial, conviction and the imposition of a $300 fine in District Court, defendant appealed to Superior Court (Penobscot County). A jury-waived trial in Superior Court resulted in a conviction and a sentence of forty-five days in the Penobscot County Jail. Defendant now appeals this conviction alleging (1) a defective complaint; (2) a denial of due process as a result of the imposition of a harsher sentence after a trial de novo; and (3) insufficiency of the evidence. We deny the appeal.

## I.

Defendant raises for the first time on appeal the issue of whether the complaint sufficiently charges a crime. Notwithstanding the fact that counsel has failed to raise this issue before subjecting the defendant and the State to two trials, the issue is jurisdictional and is therefore cognizable on appeal. *State v. Porter*, Me., 384 A.2d 429 (1978).

Defendant was charged under 17–A M.R.S.A. § 854(1)(A)(2) (Supp.1981). The statute provides:

1. A person is guilty of public indecency if:

.A. In a public place

(1) . . .

(2) he knowingly exposes his genitals under circumstances which, in fact, are likely to cause affront or alarm.

The complaint followed the language of the statute and charged that:

Steven Smith did in a public place knowingly expose his genitals under circumstances which, in fact, are likely to cause affront or alarm, to wit did expose his penis to passersby on Penobscot Avenue.

Defendant argues that the complaint is insufficient to charge a crime because it contains no specific circumstances showing why his behavior was in fact likely to cause affront or alarm.

The method for evaluating complaints phrased in the language of a statute has been stated as follows:

> [I]t is the first duty of the court to carefully examine the statute under which the complaint or indictment is drawn, with a view of ascertaining the intention of the Legislature and the evil which that body desired to correct. The next consideration is whether the Legislature expressed its intention in language sufficiently full, certain, and precise, so that the person of average intelligence who may be subject to the inhibition pronounced by the statute may understand and obey. If, when tested by the court, both examinations result affirmatively, and the complaint or warrant follows the language of such a statute, it should not be held defective upon captious or hypercritical grounds.

*State v. Munsey*, 114 Me. 408, 410, 96 A. 729, 730 (1916) (quoted with approval in *State v. King*, Me., 371 A.2d 640, 642 (1977)).

The complaint in this case satisfies the test. The legislature wisely sought to prevent people from exposing their genitals when likely to cause affront or alarm. The complaint alleges that defendant exposed himself on a public thoroughfare to passersby. The indiscriminate display of one's penis to members of the traveling public is likely to prove offensive. Such an allegation describes a circumstance likely to cause affront or alarm. Since the complaint follows the statutory language and sets out the facts constituting the crime, defendant was adequately informed of the charges against him. Although defendant asserts that the names of the passersby should have been alleged to allow him to prepare his defense, the crime was sufficiently set forth without such specificity. If defendant required further information to prepare his case, he could have employed discovery procedures, including a bill of particulars. *State v. Saucier*, Me., 421 A.2d 57 (1980); *Schoen v. State*, Me., 244 A.2d 815 (1968).

## II.

■ The defendant points to the disparity between the sentence he received in District Court and that which he received in Superior Court after trial de novo. We have previously considered the implications of that disparity. *State v. Keegan*, Me., 296 A.2d 483 (1972) relying upon *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972) found that the imposition of a harsher sentence, under these circumstances does not violate the requirements of due process. There is nothing in this record to suggest that defendant's sentence resulted from anything other than the fresh evaluation of his case at the time of the second trial. The defendant's reliance upon *Marano v. United States*, 374 F.2d 583 (1st Cir. 1967) is misplaced since that case does not involve a two tier court system. The penalty imposed upon the defendant is within the statutory range for Class E crimes and has not been shown to have been an unlawful exercise of discretion by the justice imposing sentence.

## III.

■ Defendant's final contention that the evidence is insufficient to support the judgment is without merit. The record contains ample evidence to support the findings with respect to defendant's exposure of his genitals and the accompanying circumstances.

The entry shall be:

Judgment affirmed.

All concurring.