STATE of Maine

v.

Peter HUDSON.

Supreme Judicial Court of Maine.

Argued Nov. 14, 1983.

Decided Jan. 17, 1984.

Paul Aranson, Dist. Atty., Laurence Gardner, Asst. Dist. Atty. (orally), Portland, for plaintiff.

Arthur H. Bloomberg (orally), Bridgton, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The defendant, Peter Hudson, appeals from his conviction of cruelty to animals, 17–A M.R.S.A. § 510 (1983), after a jury trial on February 2, 1983 in Superior Court (Cumberland County). The defendant was accused of recklessly depriving his horse of necessary sustenance. The presiding justice imposed a suspended thirty day county jail sentence with one year of probation. As a specific condition of probation, the defendant was required to pay $3,015.96 restitution to the Maine State Society for the Protection of Animals (MSSPA) for the expenses incurred in nursing the horse back to health. On appeal, the defendant challenges the legality of the sentence on the ground that the probation condition of restitution was unauthorized.[1] He also argues that the evidence required a finding that payment of restitution would create excessive financial hardship on the defendant and his dependents and was therefore not authorized under 17–A M.R.S.A. § 1325(2)(D); and that 17–A M.R.S.A. § 1204 is unconstitutional because it fails to provide adequate notice and hearing regarding proposed conditions of probation. We affirm the judgment.

■ We limit our review to an examination whether an illegal sentence was imposed. *State v. Carver,* 330 A.2d 785 (Me. 1975). 4 M.R.S.A. § 57 (Supp. 1982–1983). A sentence is cognizable on direct appeal only if it appears of record so plainly as to preclude rational disagreement that it was beyond the sentencing authority of the court. *State v. Parker,* 372 A.2d 570 (Me. 1977).

---

1. The defendant does not contest the conviction itself.

### I.

The defendant's principal contention is that the MSSPA is not an authorized claimant for restitution under 17–A M.R.S.A. § 1324. We disagree.

The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature. *State v. Williams*, 433 A.2d 765 (Me.1981); *Concord General Mutual Insurance Co. v. Patrons Mutual Insurance Co.*, 411 A.2d 1017 (Me.1980). Unless the statute itself discloses a contrary intent, the plain meaning of the words controls. *State v. Vainio*, 466 A.2d 471 (Me. 1983). Under the present statutory scheme, restitution is authorized for the victims of crime. 17–A M.R.S.A. § 1324(1) (1983).[2] A "victim" is defined as a "person who suffers personal injury, death or economic loss as a result of a crime or the good faith effort of any person to prevent a crime." 17–A M.R.S.A. § 1322(7) (1983). "Economic loss" includes "reasonable charges incurred for reasonably needed products, services and accommodations...." 17–A M.R.S.A. § 1322(3)(A) (1983).[3]

Applying these statutory definitions to the present case, it is clear that if reasonable charges for reasonably needed products, services and accommodations in the care of a mistreated animal were incurred, MSSPA would be a "person"[4] who suffered economic loss (economic detriment consisting of allowable expense) as a result of a crime and therefore would be a victim as defined in § 1322(7) authorized to make a claim under § 1324(1).[5] Although there is little or no evidence in this record to demonstrate that expenses incurred were reasonable charges for reasonably needed products, services and accommodations, for purposes of qualifying MSSPA as a victim and authorized claimant for restitution, the sentencing justice was justified in concluding that at least a portion of the expenditures met the definition of economic detriment consisting of allowable expense. Thus, there was nothing illegal in the sentencing court's recognition of MSSPA as a victim entitled to restitution on the facts of this case.

### II.

The defendant argues that the evidence required a finding that payment of restitution would create an excessive financial hardship on him or his dependents and

---

**2.** 17–A M.R.S.A. § 1324 (1983) provides:
Restitution may be authorized for:
1. *Victim.* The Victim or a dependent of a deceased victim;
2. *County.* The county where the offense was prosecuted if the victim voluntarily refuses restitution or if the identity of the victim cannot be ascertained.
3. *Person providing recovery.* Any person, firm, organization, corporation or government entity which has provided recovery to the victim as a collateral source, but only to the extent that such recovery was actually made; and
4. *Person acting on behalf of victim.* Any person legally authorized to act on behalf of the victim.

**3.** 17–A M.R.S.A. § 1322(3) (1983) defines "economic loss" as:
[E]conomic detriment consisting only of allowable expense, work loss, replacement services loss and, if injury causes death, dependent's economic loss, dependent's replacement services loss and property loss.

Noneconomic detriment is not loss. Economic detriment is loss although caused by pain and suffering or physical impairment. The section further defines the components comprising "economic loss". The facts of the instant case, however, limit "economic loss" to "allowable expense", section 1322(3)(A), which is defined in pertinent part as "reasonable charges incurred for reasonably needed products, services and accommodations ...."

**4.** 17–A M.R.S.A. § 2(20) states: "'Person' means a human being or an organization."

**5.** We note that had process been instituted by law enforcement officers pursuant to 17 M.R. S.A. § 1211 with possession of the horse given by the court to MSSPA, the defendant would have been responsible for the payment of "all expenses incurred in connection with taking and keeping of the animal and providing it with care and support", 17 M.R.S.A. § 1211(4), even without a conviction. Moreover, the MSSPA would have been entitled to a lien for such expenses. 17 M.R.S.A. § 1211(5).

therefore was not authorized.[6] This argument is without merit.

■ It is clear that the sentencing justice considered the factors in § 1325(2)(D)(1–5). The critical factor in his determination that payment of restitution did not create financial hardship was the fact that the defendant had a masters degree in computer science and therefore a substantial earning capacity. Cf. *State v. Blanchard,* 409 A.2d 229, 238–239 (Me.1979) (fact that defendant was indigent, disbarred from practice of law, and sentenced to five years imprisonment plainly established excessive financial hardship which payment of $55,697.46 in restitution would create). Unlike *Blanchard,* the defendant has not lost his only means of livelihood and will not be incarcerated at any time. We conclude that the determination of the sentencing justice is amply supported by the record.

### III.

The defendant further argues that 17–A M.R.S.A. § 1204 which authorizes conditions of probation, is unconstitutional because it fails to provide adequate notice and hearing regarding the proposed conditions. See 17–A M.R.S.A. § 1204(3). This argument is also without merit.

■ A party challenging the constitutionality of a statute bears a heavy burden of proof since all acts of the legislature are presumed constitutional. *State v. S.S. Kresge, Inc.,* 364 A.2d 868 (Me.1976). The defendant has cited no authority in support of his contention and we have found none.

We therefore conclude that the statute on its face is constitutional.

■ We also find that the procedure employed in this case did not unconstitutionally deprive the defendant of due process of law. The record demonstrates that he had sufficient notice of the MSSPA claim[7] as well as the opportunity to address the court regarding restitution. In appellant's oral argument, we were informed that the issue of restitution was argued off the record in chambers of the sentencing justice. The defendant cannot contend that the imposition of the restitution order at sentencing came as a suprise. He made no request for a continuance on the ground that he was unprepared to address the issue, nor did he request further opportunity to investigate the validity of the MSSPA bill. We therefore conclude that 17–A M.R.S.A. § 1204 is neither unconstitutional on its face nor unconstitutional as applied to the facts of this case.

The entry is:

Judgment affirmed.

All concurring.

---

6. 17–A M.R.S.A. § 1325(2)(D) states: "Restitution shall not be authorized:

When the amount and method of payment of monetary restitution or the performance of service restitution will create an excessive financial hardship on the offender or dependent of the offender. In making this determination, all relevant factors shall be considered, including, but not limited to the following:

(1) The number of the offender's dependents;

(2) The usual living expenses of the offender and his dependents;

(3) The special needs of the offender and his dependents, including necessary travel expense to and from work;

(4) The offender's income and potential earning capacity; and

(5) The offender's resources.

7. The docket entries show that the bill of MSSPA was filed on February 9, 1983, one month before sentencing.