Robert A. SMITH

v.

STATE of Maine.

Supreme Judicial Court of Maine.

Argued June 19, 1984.

Decided Aug. 13, 1984.

Richardson, Tyler & Troubh, Jeffrey A. Thaler (orally), Portland, for plaintiff.

James E. Tierney, Atty. Gen., Charls K. Leadbetter (orally), Wayne E. Moss, William R. Stokes, Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, and GLASSMAN, JJ.

McKUSICK, Chief Justice.

Petitioner Robert Smith appeals the Superior Court's summary dismissal of his *pro se* petition for post-conviction review. Because we agree with his appellate counsel's contentions that his petition did not merit dismissal under the standard provided by M.R.Crim.P. 70(b),[1] we vacate the dismissal and remand the proceeding so that Smith may have the opportunity to amend his petition with the help of counsel.

On October 20, 1982, Smith plead guilty to a two-count indictment charging him with burglary, Class B, 17–A M.R.S.A. § 401 (1983), and theft, Class E, 17–A M.R.S.A. § 353 (1983). On the burglary count he received a five-year sentence at Maine State Prison with all but three years suspended and, on the theft count, a concurrent six-month sentence. Smith was further ordered to serve one year of probation following his prison term, with the special condition that he pay $300 in restitution within six months of his release from prison.

On September 28, 1983, Smith acting *pro se* filed a handwritten petition for post-conviction review initiating the case now at bar. In Ground I Smith claimed that he was being held unlawfully because, in his words and with his spelling:

*Consitutul Law*

Excessive sentence of Court Judgment, agreement of making a bargaining with state troper & [illegible] with D.A. too and agreement too offer me a deal, [illegible] with Trooper, he said he was going too talk D.A.

The justice to whom Smith's petition was assigned dismissed the petition on the ground that it did not state a ground on which post-conviction relief could be granted. *See* M.R.Crim.P. 70(b). As relevant to Ground I, the justice stated:

The complaint of an excessive sentence, without suggesting that the sentence was illegal, may not be raised by a petition for post-conviction review.

Petitioner filed a timely appeal to the Law Court. After our preliminary review pursuant to 15 M.R.S.A. § 2131(1) (Supp.1983–1984), we issued a certificate of probable cause as to any claims raised by Ground I of the petition and appointed counsel for petitioner on appeal.

---

1. M.R.Crim.P. 70(b) provides in full:
   **Summary Dismissal.** If it plainly appears from the face of the petition and any exhibits annexed to it that the petition fails to show subject matter jurisdiction or to state a ground upon which post-conviction relief can be granted, the assigned justice shall enter an order for the summary dismissal of the petition, stating the reasons for the dismissal. He shall cause the petitioner to be notified of the dismissal and the reasons for it.

Criminal sentences are reviewed in three different fora, each with its own rules as to availability and scope. First, in some circumstances, challenges to the "legality" of a sentence may be brought to the Law Court on direct appeal. *See State v. Palmer*, 468 A.2d 985, 987 (Me.1983); *State v. Allison*, 427 A.2d 471, 475 (Me. 1981). For a challenge to a sentence to be cognizable on direct appeal "the alleged infirmity, even if one of law, must appear affirmatively from the record." *State v. Palmer*, 468 A.2d at 987 n. 6; *see State v. Blanchard*, 409 A.2d 229, 233 (Me.1979). Second, the language of the post-conviction review statute, 15 M.R.S.A. §§ 2121–2132 (Supp.1983–1984), demonstrates that the Superior Court provides an alternative forum for challenges to the legality of criminal sentences. Section 2125 permits a petitioner who has satisfied the jurisdictional and procedural prerequisites of the statute to obtain relief on the ground that a "sentence is unlawful or unlawfully imposed." The term "sentence" is defined to include "the punishment imposed in a criminal proceeding," 15 M.R.S.A. § 2121, and the relief that may be accorded a successful petitioner includes "resentencing or a new sentence." 15 M.R.S.A. § 2130. Third, and in contrast to the review for "legality" in the first two fora, challenges to the "propriety" of a sentence fall within the exclusive jurisdiction of the Appellate Division of the Supreme Judicial Court, created by 15 M.R. S.A. § 2141 (1980). *See State v. Allison*, 427 A.2d at 475; *State v. Carver*, 330 A.2d 785, 786 (Me.1975); 3 Glassman, *Maine Practice: Rules of Criminal Procedure Annotated* § 40.1, at 347 (1967).

In summarily dismissing Smith's petition, the trial court did not dispute the general proposition that post-conviction review may be used to challenge the legality of a sentence; rather, the court found that Ground I of Smith's petition failed to state a basis on which Smith's sentence could be found illegal. We cannot agree. Under M.R. Crim.P. 70(b), summary dismissal of a peti-tion for post-conviction review is appropriate only if "it *plainly appears from the face of the petition* and any exhibits annexed to it that the petition fails to show subject matter jurisdiction or to state a ground upon which post-conviction relief can be granted." (Emphasis added) When viewed "with the liberality accorded petitions for post-conviction relief," *Cunningham v. State*, 295 A.2d 250, 251 (Me.1972), Smith's petition may reasonably be seen to present three different claims that potentially draw in question the legality of his sentence, all of which stated potential "ground[s] upon which ... relief can be granted." M.D.C.Crim.P. 70(b).

Under the heading "Consitutul [sic] Law," Smith's Ground I begins with the statement, "Excessive sentence of Court Judgment." Giving petitioner's *pro se* effort the benefit of a liberal interpretation, we can read that language to raise a claim, however inartfully expressed, that his sentence was constitutionally excessive under article I, section 9 of the Maine Constitution, which requires that "all penalties and punishments shall be proportioned to the offence." A challenge to the constitutionality of a sentence obviously addresses the sentence's legality. *See, e.g., State v. Heald*, 307 A.2d 188, 191–92 (Me.1973). We also agree with the suggestion of petitioner's counsel on appeal that petitioner's assertion that his sentence was excessive potentially raises a claim that the order that petitioner pay restitution as a condition of probation was illegal because an insufficient inquiry was made as to his ability to pay. *See* 17–A M.R.S.A. §§ 1152(2–A), 1325 (1983); *State v. Hudson*, 470 A.2d 786, 788–89 (Me.1984); *State v. Murphy*, 431 A.2d 58, 59 (Me.1981); *State v. Stinson*, 424 A.2d 327, 334–35 (Me.1981); *State v. Blanchard*, 409 A.2d at 237–39. That claim also relates to the legality of the sentence. *See id.* at 237. Finally, after the allegation that petitioner's sentence was excessive, Ground I of

the petition describes, in a highly garbled fashion, a bargain between petitioner, the District Attorney, and the police. One can read the latter portion of Ground I, juxtaposed as it is to the assertion that the sentence was excessive, to raise a claim that defendant's sentence was in excess of that agreed to in a plea bargain. Again, such a claim addresses the legality of petitioner's sentence. *See* M.R.Crim.P. 11(e)(4) (defendant entitled to change plea or to other relief if State fails to comply with plea agreement). Although these three potential claims are inexpertly presented in Smith's petition, the Superior Court could not conclude that it "plainly appears from the face of the petition" that it states no ground upon which relief could be granted. *See* M.R.Crim.P. 70(b).

■ In identifying three potential claims of illegality that Smith's poorly drawn petition may raise, we do not suggest that any of those claims is necessarily meritorious or will necessarily survive a defense asserted by the State in response. They may not even require an evidentiary hearing for proper resolution. *See* M.R.Crim.P. 73. Nonetheless, where, as here, a petition cannot be read to exclude claims challenging the legality of a sentence, the petitioner should at the least be provided with the opportunity to amend his *pro se* petition with the assistance of retained or appointed counsel. *See* M.R.Crim.P. 70(c)(2). Aided by the counseled amendment of petitioner's pleading and by the State's response, *see id.*, the post-conviction court then will be in a better position to assure that a worthy claim is not lost merely through petitioner's linguistic deficiencies.

The entry is:

Dismissal of petition for post-conviction relief vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.