STATE of Maine

v.

**Frederick H. LAX, III.**

Supreme Judicial Court of Maine.

Argued Sept. 10, 1984.

Decided Oct. 12, 1984.

James E. Tierney, Atty. Gen., Michael Westcott, Charles K. Leadbetter (orally), Asst. Attys. Gen., Augusta, for plaintiff.

Greenberg & Greenberg, Stanley Greenberg (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, and SCOLNIK, JJ., and DUFRESNE, A.R.J.

## MEMORANDUM DECISION.

Defendant Frederick H. Lax, III, appeals from his conviction in Superior Court (York County), following a jury waived trial, for committing assault, 17–A M.R.S.A. § 207 (1983). Upon conviction defendant was sentenced to 364 days in the Maine Correctional Center. On appeal defendant argues: first, that the sentencing justice imposed a more severe sentence as a penalty for the defendant's exercise of his right to trial; second, that the sentence violated his right under the Maine Constitution to a proportionate penalty, Me. Const. art. I, § 9; third, that the sentencing justice sentenced the defendant as if the defendant had been convicted of aggravated assault rather than simple assault.

A defendant's right to appeal his sentence to the Law Court is limited to a claim

that his sentence is illegal. *State v. Allison*, 427 A.2d 471, 475 (Me.1981); *State v. Chesnel*, 358 A.2d 381, 382 (Me.1976). Notwithstanding a defendant's limited right to appeal an alleged illegal sentence to the Law Court, ultimate cognizance will be given to an illegal sentence when the alleged sentencing violation appears so clearly on the record's face that there "can be no rational disagreement as to its existence." *See State v. Blanchard*, 409 A.2d 229, 233 (Me.1979); *see also State v. Rich*, 395 A.2d 1123, 1133 (Me.1978), *cert. denied*, 444 U.S. 854, 100 S.Ct. 110, 62 L.Ed.2d 71 (1979).

The defendant contends that a comparison of his sentence with the sentence his former co-defendant received at an earlier trial arising from the same incident and pursuant to a plea agreement raises an inference that the defendant was penalized for asserting his right to trial. This argument fails because the alleged violation of the defendant's right to trial does not appear on the face of the record. Nor is there support on the face of the record for the assertion that his sentence is disproportionate to the crime. Lastly, the record does not indicate beyond the possibility of rational disagreement that the defendant was sentenced as if he had been convicted of aggravated assault rather than simple assault.

The entry shall be:

Judgment affirmed.

All concurring.