915 F.2d 1557
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Dennis REARDON, Petitioner, Appellant,
v.
Martin MAGNUSSON, Respondent, Appellee.
 No. 89-2181.
 United States Court of Appeals, First Circuit.
 Sept. 18, 1990.
 
 Appeal from the United States District Court For the District of Maine, Gene Carter, District Judge.
 Dennis Reardon on brief pro se.
 James E. Tierney, Attorney General, and Amy M. Homans, Assistant Attorney General, Consumer & Antitrust Division, on brief, for appellee.
 D.Me.
 AFFIRMED.
 Before BREYER, Chief Judge, and LEVIN H. CAMPBELL and SELYA, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellant, Dennis Reardon, appeals a district court judgment dismissing his petition for habeas corpus, 28 U.S.C. Sec. 2254, on the ground that it contained a claim that had not been exhausted in the state courts. Rose v. Lundy, 455 U.S. 509 (1982). We affirm.
 
 
 2
 The only ground raised in the habeas petition over which there is an exhaustion dispute is that denoted as Ground 4. In that claim, the appellant alleged a "due process and equal protection violation," arising out of the different statutory schemes for calculating "good-time credits" which pertain to him and to his co-defendant. The appellant was sentenced on September 2, 1983, to concurrent terms of fourteen years imprisonment for the crimes of robbery and felony murder. His co-defendant, who had pled guilty to felony murder and testified at appellant's trial, was sentenced to a term of four years, seven months on October 7, 1983. In the interim between these two sentencing dates, a new statutory provision for calculating good-time credits became effective, which, according to the appellant, was more "benevolent." The appellant complains that, although the date of the crime was the same, he will remain in custody 14% longer pursuant to the good-time scheme applicable when he was sentenced, than if he had been sentenced pursuant to the good-time scheme applicable when his co-defendant was sentenced. The appellant suggests that this is "a deprivation due to invidious descrimination" [sic].
 
 
 3
 In answer to this habeas petition, the appellee alleged that the appellant had not raised this claim before the state courts, and further, that his failure properly to preserve this claim for state review precluded federal habeas review, in the absence of establishing cause and prejudice (which, appellee said, the appellant did not, and could not, do). The appellant filed a response in which he stated that he did raise this claim in the state courts. He attached a copy of an "appendix to notice of appeal" filed in 1988 in the Appellate Division of the Supreme Judicial Court (SJC) of Maine, seeking appellate review of his sentence, in which he alleged "a due process and equal protection deprivation" arising out of the disparity, between himself and his co-defendant, in the statutorily-dictated calculation of good-time credits. Nonetheless, the district court dismissed the habeas petition for failure to exhaust all claims.
 
 
 4
 We conclude that dismissal of the habeas petition was proper, notwithstanding the presentation of the claim to the Appellate Division of the SJC. As noted by the appellee in its brief to this court, the Appellate Division of the SJC is[1] a legislatively-created independent branch of the SJC (the Law Court), established for the sole purpose of reviewing the propriety of sentences. D. Cluchey & M. Seitzinger, Maine Criminal Practice paragraphs 40.1; 40.2. By contrast, challenges to the legality of a sentence are brought either by direct appeal to the SJC or by post-conviction review in the state superior court. Smith v. State, 479 A.2d 1309, 1311 (Me.1984). The SJC has stated that "[a] challenge to the constitutionality of a sentence obviously addresses the sentence's legality." Id. The appellant's complaint, as expressed, was a constitutional challenge to his sentence, not cognizable, it appears, in the forum in which it was presented.[2] Further, it is undisputed that the appellant did not present this claim in either his direct appeal in 1983,[3] his Rule 35 motion for correction of sentence filed in 1985, or his petition for post-conviction relief filed in the state courts in 1987. The claim appears unexhausted, therefore, and the petition properly dismissed as mixed.
 
 
 5
 The appellant argues that we should consider this claim exhausted, nevertheless, because, he says, having already presented one petition for post-conviction relief in the state courts, he is precluded from filing another. At the same time, he appears to contend, however, that he could not have presented this claim in his prior state court filings. Appellant's reply brief at 6-7. The state court procedure for post-conviction review, while ordinarily requiring that all grounds for relief be raised in a single post-conviction review action, nonetheless, does permit a subsequent petition raising a different ground if "the court determines that the ground could not reasonably have been raised in an earlier action." Me.Rev.Stat.Ann. tit. 15, Sec. 2128(3) (Supp.1989). To the extent the appellant is asserting an "extenuating circumstance", see McEachern v. State, 456 A.2d 886, 889 (1983), that would excuse his failure earlier to present this claim, we believe those arguments properly should be directed in the first instance to the state courts.
 
 
 6
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The appellee notes that, effective September 30, 1989, the statutory provisions which provide for sentence review by the Appellate Division were repealed and replaced by provisions which institute a different procedure for sentence review, i.e., the filing of an application to the SJC, sitting as the Law Court, to allow an appeal of sentence, which application is either granted or denied by the Sentence Review Panel of the SJC. See Me.Rev.Stat.Ann. tit. 15, Secs. 2151-2157 (Supp.1989); M.R.Crim.P. 40 (1990). These later-enacted provisions are irrelevant to the issue whether the appellant exhausted his state court remedies when he filed his notice of appeal and appendix in the Appellate Division in 1988
 
 
 [2]
 This conclusion, therefore, makes it unnecessary for us to determine whether the claim, as expressed, satisfies the requirement of fair presentment of a federal constitutional claim to the state courts, despite appellant's failure to refer to any specific constitutional provision or to cite any caselaw. See Nadworny v. Fair, 872 F.2d 1093 (1st Cir.1989)
 
 
 [3]
 We recognize that the appellant's direct appeal to the SJC was filed on September 2, 1983, i.e., before the effective date of the good-time credit scheme giving rise to his alleged constitutional claim