STATE of Maine

v.

Larry WHITMORE.

Supreme Judicial Court of Maine.

Argued March 21, 1988.

Decided April 13, 1988.

[REDACTED]

R. Christopher Almy, Dist. Atty., Philip C. Worden (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Barbara Cardone (orally), Rudman & Winchell, Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

The defendant, Larry Whitmore, appeals from a judgment convicting him of numerous counts of gross sexual misconduct (17–A M.R.S.A. § 253 (Supp.1987)), and unlawful sexual contact (17–A M.R.S.A. § 255 (Supp.1987)), after a jury-waived trial in Superior Court, Penobscot County. He contends that: (1) the evidence was insufficient to support the convictions, (2) the trial court erred in allowing testimony suggesting the defendant's prior conviction, and (3) the consecutive split sentences imposed by the court were illegal. We affirm the convictions, but vacate the sentences.

On August 4, 1986, Larry Whitmore was indicted on twenty-three counts of sexual misconduct. The charges stemmed from the defendant's contact from October 1982 to September 1983 with three children, who will be referred to in this opinion as Jane and John Doe (brother and sister), and Richard Roe. The children were about seven, four, and eight years of age, respectively, at the time of the charged offenses. At trial, Richard testified that he was photographed and sexually fondled by the defendant on three occasions. Jane testified that the defendant sexually touched her and photographed her between 15 and 20 times, and that he once put his penis in her vagina. She also testified that the defendant's daughter was present during several of the incidents, including the incident when Mr. Whitmore touched her with his penis. John testified that the defendant photographed him, touched him sexually, and assaulted him with a syringe. All the children testified that the abuse occurred on weekdays, between the time school let out and supper time.

To rebut the children's narration, the defendant gave testimony concerning his work hours and activities. He introduced time sheets and stated he was usually working at the times when the incidents with the children allegedly occurred. Testifying on the defendant's behalf, the defendant's daughter denied seeing any of the alleged incidents. Before trial, the Superior Court granted defendant's motion *in limine* to exclude any reference to his prior conviction and incarceration for gross sexual misconduct involving his daughter. During the trial, first defense counsel and then the State questioned the defendant's daughter about her father's past abuse of her.

The trial court acquitted the defendant on all charges pertaining to John. However, concerning Jane, the defendant was found guilty of one count of gross sexual misconduct (Count 2), and eight counts of unlawful sexual contact (Counts 1, 3, 4, 5, 6, 8, 10, 11). The defendant was also found guilty of three counts of unlawful sexual contact with Richard, (Counts 21, 22, 23).

The defendant was sentenced as follows. For the gross sexual misconduct offense involving Jane, (Count 2), the defendant received 12 years, all but 7 years suspended. This was to be a consecutive sentence to that the defendant was then serving for the abuse of his daughter. The defendant also was placed on 6 years probation to follow the probation that was imposed in the sentence then being served. For the unlawful sexual contact with Jane, (Counts 1, 3, 4, 5, 6, 8, 10, 11), the defendant was sentenced to 3 years as to each count, to be served concurrently with each other and with the sentence imposed in Count 2.[1]

For one of the unlawful sexual contacts with Richard, (Count 21), the defendant was sentenced to 5 years, all but 3 years suspended. This was to be served consecutively to the sentence then being served for the abuse of the defendant's daughter, and to the sentence for the counts concerning Jane, with 2 years probation added consecutively to the probation in the sentence then being served and the probation imposed in the sentence in Count 2. For the other two unlawful sexual contacts with Richard, (Counts 22 and 23), the defendant received 3 years as to each count to be served concurrently with each other and with all other counts in the case.[2]

■ In contending that the evidence is insufficient to support the conviction, the defendant relies solely on his argument that the testimony of the defendant and his daughter, and the defendant's employment time sheets, raise a reasonable doubt whether he had access to the victims during the weekday afternoons when they testified the incidents of abuse occurred. This argument is without merit. It overlooks the fact that in a jury-waived trial, it is within the exclusive province of the trial justice to decide what credence is to be given to conflicting evidence. *State v. Lovejoy,* 493 A.2d 1035, 1037–38 (Me.1985). We conclude that the presiding justice rationally could have found the essential elements of the crimes charged beyond a reasonable doubt. *State v. Reardon,* 486 A.2d 112, 117 (Me.1984).

■ The defendant next argues that the trial court erred in admitting in evidence the testimony of the defendant's daughter concerning her prior admission to police

---

1. The Judgment and Commitment also states that these eight 3-year sentences are to be served concurrently with the sentences imposed in Counts 21, 22 and 23. We presume the Judgment and Commitment is in error in this regard since it would require the eight sentences to be served concurrently with two consecutive sentences on Counts 2 and 21. Also, the sentencing transcript indicates that the trial court intended that the sentences on the eight counts be served concurrently with each other and with Count 2 only.

2. The sentencing justice failed to announce the sentence for Counts 22 and 23 at the sentencing

hearing, but he did express his intent to impose concurrent sentences for all crimes committed against a single victim, and to make the concurrent sentences for each victim consecutive to the sentences for other victims—so that the defendant will serve time separately for each victim. The Judgment and Commitment was presumably meant to read that the sentences for Counts 22 and 23 are to be served concurrently with each other and with Count 21, and are to be served consecutively to the other counts in the case.

about sexual abuse by her father. The defendant contends that the testimony improperly circumvented the *in limine* order excluding evidence of the defendant's conviction for abusing his daughter. This argument fails for two reasons. First, the defendant concedes that his daughter's testimony "did not mention the prior conviction per se," so the testimony was not restricted by the *in limine* order that excluded only references to the defendant's conviction and incarceration. Second, it was defense counsel, and not the State, who first asked defendant's daughter about the abuse. On cross-examination, the State merely followed up on the questions asked by the defense on direct examination. Having "opened the door" to the testimony, the defendant cannot now claim error in the admission of a line of questioning he initiated. *See State v. Ruest,* 506 A.2d 576, 577 (Me.1986); *State v. Stack,* 441 A.2d 673, 679 (Me.1982); *see also* Field & Murray, *Maine Evidence,* § 103.8 at 22–23 (1987).

■ In his final argument on appeal, the defendant contends that the consecutive split sentences imposed by the trial court are illegal. We agree, and note that the State concedes that sentencing the defendant to aggregate terms of probation is not authorized by the controlling statutes. The trial court sentenced the defendant to concurrent prison terms for all counts pertaining to Jane and to concurrent prison terms for all counts pertaining to Richard, with "Richard's" sentences consecutive to "Jane's," which, in turn, are consecutive to the sentence imposed for defendant's abuse of his daughter. The concurrent sentences associated with each child victim included split sentences so the sentences each contain periods of probation. The sentencing justice specifically stated that the periods of probation are also to be served consecutively to each other. In total, the court sentenced the defendant to serve an unsuspended period of imprisonment of 10 years with 8 years of probation.

Under our interpretation of the trial justice's sentencing scheme, the defendant is required to serve all of his consecutive unsuspended terms of imprisonment first and then commence his consecutive probationary periods. Thus, he would be imprisoned for seven years for the offenses against Jane and then three years for the offenses against Richard, and then be released on probation for six years on the former sentence to be followed by two years of probation on the latter. This separation of the incarceration and probationary periods of split sentences is not authorized by statute.

The Legislature has provided that in split sentences: "The period of probation shall commence on the date the person is released from his initial unsuspended portion of the term of imprisonment, unless the court orders that it shall commence on an earlier date." 17–A M.R.S.A. § 1203(1) (Supp.1987). In other words, the probationary period of a split sentence must commence either: (1) during the period of incarceration, or (2) on the date of completion of the unsuspended period of imprisonment. Section 1203(1) does not authorize a sentencing justice to delay the commencement of the period of probation to a time beyond the completion of the unsuspended period of imprisonment. Accordingly, we hold that the consecutive split sentences imposed in the instant case, that order the delay of the period of probation to a time beyond the completion of the unsuspended period of imprisonment exceed the statutory authority of the sentencing justice.

The entry is:

Judgments of conviction affirmed. Sentences vacated. Remanded to Superior Court for re-sentencing consistent with the opinion herein.

All concurring.