STATE of Maine

v.

James D. PARKS.

Supreme Judicial Court of Maine.

Argued June 8, 1988.

Decided July 15, 1988.

R. Christopher Almy, Dist. Atty., Philip C. Worden (orally), Asst. Dist. Atty., Bangor, for plaintiff.

J. Hilary Billings (orally), Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

James D. Parks appeals from a judgment entered in the Superior Court, Penobscot County, on jury verdicts finding him guilty of three counts of gross sexual misconduct, 17–A M.R.S.A. § 253(1)(B) (Supp.1987), and one count of unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C) (Supp.1987). Parks contends on appeal that the Superior Court committed error in denying his motion for a bill of particulars, in admitting certain testimony offered by the victim's father and in imposing consecutive split sentences. We affirm the convictions, but because we agree with Parks that the Superior Court's sentencing scheme was unauthorized by the pertinent statute, we remand for resentencing.

Parks first claims error in the Superior Court's denial of his motion for a bill of particulars, citing the prejudice he suffered from the State's inability to establish more specifically the dates and times of the criminal conduct alleged in the indictment. The indictment need not set out the times of the alleged incidents with specificity. The dates are not elements of these offenses of gross sexual misconduct and unlawful sexual contact except to the extent that the State has the burden of proving the age of the victim and that the alleged offense occurred within the statutory period.[1] *State v. Greene*, 512 A.2d 330, 333 (Me.1986); *State v. Walker*, 506 A.2d 1143, 1146 (Me.1986). Child victims of sexual crimes may well have difficulty in recalling specific dates, and in such cases, more precise time frames than set out in the indictment need not be identified in a bill of

---

**1.** Parks does not challenge the State's evidence that the male victim was eight or nine years old at the time of the alleged crimes.

particulars. *Greene*, 512 A.2d at 334; *Walker*, 506 A.2d at 1147. There was no error in the trial court's denial of Parks' motion for a bill of particulars.

■ At trial the father of the child victim testified that his son tended to misbehave, wet his pants and talk nonsensically after returning from weekend visits with the defendant. The State maintained at closing argument that the child's abnormal behavior was consistent with that of a child who had been sexually abused. Parks argues on appeal that our decision in *State v. Black*, 537 A.2d 1154 (Me.1988), precludes such testimony from consideration by a jury. Because defense counsel failed to object to this testimony at trial, we review the admission of the challenged testimony under the obvious error standard of M.R. Crim.P. 52(b) and M.R.Evid. 103(d). *State v. Tellier*, 526 A.2d 941, 945 (Me.1987).

■ Not only do we find no obvious error in the admission of the father's testimony, we conclude that there was no error at all. The witness testified to behaviors in his son that he observed firsthand. These were the descriptive observations of a parent, not the conclusions of an expert witness purporting to speak with authority on the relationship between certain kinds of behavior and a history of sexual abuse. The jury was free to reflect on their common understanding of human conduct and to assess any inferential support offered the State's case by the father's testimony.

In *Black* we held inadmissible a mental health expert's testimony that a child exhibited certain behavior that identified him as a victim of past sexual abuse. *Black* does not stand for the proposition, as Parks suggests it does, that all testimony concerning behavioral symptoms of an alleged victim is generally inadmissible, whether offered by an expert or a fact witness. The dispositive factor in *Black* was that the record failed to establish, as required by M.R.Evid. 702, the scientific reliability of the expert's testimony linking the victim's behavior to sexual abuse. As a lay witness relating firsthand observations, the father was required only to establish personal knowledge as a foundation for his testimony as to those observations. M.R. Evid. 602.

■ We turn finally to Parks' challenge to the sentence[2] imposed upon him by the Superior Court. Because Parks' challenge addresses the legality of the sentence and alleges an infirmity appearing affirmatively from the record, the issue is cognizable on direct appeal. *State v. Hudson*, 470 A.2d 786, 787 (Me. 1984).

■ We find error in the Superior Court's decision to impose any period of probation at all for Count V, since no part of the three-year sentence of imprisonment for Count V was suspended to accommodate a period of probation. 17-A M.R.S.A. § 1203(1) (Supp.1987) authorizes probation only where a court "sentence[s] a person to a term of imprisonment, not to exceed the maximum term authorized for the crime, an initial portion of which shall be served and the remainder of which shall be suspended."

Even if all or a portion of the three-year sentence of imprisonment in Count V had been suspended, the imposition of probation on that count to be served consecutively to the probation periods for Counts I and II constitutes a "consecutive split" sentence prohibited by section 1203. That section "does not authorize a sentencing justice to delay the commencement of the peri-

---

2. The docket reflects the sentence imposed by the Superior Court as follows:

IT IS HEREBY ORDERED AND ADJUDGED THAT THE DEFENDANT IS GUILTY OF THE OFFENSE OF COUNTS I, II, III GROSS SEXUAL MISCONDUCT (CLASS A) AND COUNT V UNLAWFUL SEXUAL CONTACT (CLASS C) AS CHARGED AND CONVICTED and the Court imposes a SENTENCE TO THE CUSTODY OF THE COMMISSIONER OF CORRECTIONS OF Eight Years as to Count I, Eight Years as to Count II, and three years as to Count V to be served concurrently with each other and Five Years as to Count III to be served consecutively with sentence imposed on Counts I, II, and V. ALL SUSPENDED As to Count III, ALL BUT Five years as to Counts I and II SUSPENDED, Probation for a period of three years as to each count. Probation on Counts I and II to be served concurrently with each other. Probation on Count V to be served consecutively to Counts I and II.

od of probation to a time beyond the completion of the unsuspended period of imprisonment." *State v. Whitmore,* 540 A.2d 465, 467 (Me.1988).

The Superior Court's sentencing scheme was illegal and Parks must be resentenced.

The entry is: Judgments of conviction affirmed. Sentences vacated. Remanded to Superior Court for resentencing consistent with the opinion herein.

All concurring.