STATE of Maine

v.

Wayne KEEFE.

Supreme Judicial Court of Maine.

Argued Jan. 17, 1989.
Decided Feb. 2, 1989.

R. Christopher Almy, Dist. Atty., Philip C. Worden (orally), Asst. Dist. Atty., Bangor, for the State.

Martha J. Harris, (orally), Paine, Lynch & Harris, P.A., Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

HORNBY, Justice.

As a result of a jury-waived trial in Superior Court (Penobscot County; *Chandler, J.*) Wayne Keefe was convicted of attempted murder, aggravated assault, criminal threatening with a dangerous weapon, burglary and illegal possession of a loaded firearm in a vehicle. The State concedes error on the attempted murder conviction and the necessity of a judgment of acquittal. Agreeing, we vacate the judgment convicting Keefe of attempted murder and remand for an acquittal on that charge. We affirm the judgment of conviction on the remaining charges that Keefe has challenged, but remand for resentencing.

■ On the attempted murder charge, the trial judge stated: "I don't find that Mr. Keefe intended by [his] action to kill [the victim]." This finding prevents a conviction of attempted murder. As we stated in *State v. Huff*, 469 A.2d 1251 (Me.1984), the crime of criminal attempt, 17–A M.R.S.A. § 152 (1983), requires intent—unlike conviction of the underlying substantive offence, where knowing conduct is sufficient. *Huff*, 469 A.2d at 1253. Because of the factual finding, a judgment of acquittal must be entered on the attempted murder count.

■ Maine statutes define the crime of burglary as follows:

A person is guilty of burglary if he enters ... a structure, knowing that he is not licensed or privileged to do so, with the intent to commit a crime therein.

17-A M.R.S.A. § 401(1) (1983). The trial judge found that at the time of wrongful entry Keefe "intended to commit a crime when he got inside." That finding is enough to convict Keefe under the statute. The trial judge, however, went on to say: "That crime was at least assaultive behavior or threatening behavior, if not something more." (Both assault and criminal threatening are crimes, 17-A M.R.S.A. §§ 207 & 209 (1986).) Since Keefe was indicted for wrongfully entering a dwelling place "with the intent to commit assault therein," not criminal threatening, he argues that this language requires that his burglary conviction be overturned. Reading the trial judge's finding most favorably to Keefe as suggesting that he did *not* find intent to commit assault but intent to commit criminal threatening instead, we conclude that the divergence between the charge and the finding is not a sufficient variance to be fatal. To overturn his conviction, Keefe must show that the variance was prejudicial to his defense:

The weight of authority has long been that if the proof presented substantially adheres to that outlined in the indictment and the indictment supplies sufficient information to apprise the defendant of the actual charge against him thus avoiding any possible prejudice and protects him against a subsequent prosecution for the same offense, the variance will be deemed immaterial.

*State v. Kimball,* 359 A.2d 305, 307 (Me. 1976). Applying the *Kimball* factors, we cannot determine that the proof presented at trial was substantially different from that forecast in the indictment because we have no trial transcript. We are satisfied that the charge of burglary as characterized in the indictment should have sufficiently apprised Keefe of the charge against him to avoid any prejudice, particularly in the absence of a record showing that the correct characterization of Keefe's intent at the time of entry was even an issue. Finally, Keefe's burglary conviction here will protect him from subsequent prosecution for the same offense since there was only the one act of illegal entry. We therefore affirm the judgment on the burglary conviction.

■ We also affirm the judgment convicting Keefe of carrying a loaded firearm in a motor vehicle, 12 M.R.S.A. § 7406(8)(C) (1981 & Supp.1988). It is true that Keefe had a permit that was not limited to any particular kind of weapon (the permit is blank at the point where a description of the permitted weapon belongs), but the statute is clear that the existence of a permit only entitles its holder to carry a loaded pistol or revolver. 12 M.R.S.A. § 7406(20)(A)(2) (Supp.1988). Here Keefe was carrying in his vehicle a loaded Uzi semiautomatic type B submachine gun with three fully loaded clips. Keefe raises the affirmative defense under 17-A M.R.S.A. § 36(4)(B)(3) (1983) that he was acting "in reasonable reliance upon an official statement ... contained in: [a]n administrative order or grant of permission ...," namely, the permit. We agree with the trial judge that, standing alone, a permit that simply fails to specify what weapons it covers cannot support a reasonable belief that it includes weapons that the statute prohibits. Without a trial transcript, we assume that any other evidence before the trial judge was consistent with his rejection of this affirmative defense. *State v. Marshall,* 451 A.2d 633, 635 (Me.1982).

The State agrees with Keefe that the entire matter should be sent back to the Superior Court for resentencing. Since it appears that the entire sentencing scheme was in fact premised upon the conviction and attendant sentence for attempted murder, we vacate all the sentences imposed and remand for new sentencing. Since resentencing must occur, it is unnecessary to address Keefe's other challenges to the sentences.

The entry is:

Judgment vacated and remanded to the Superior Court to enter a judgment of ac-

quittal on Count I; judgments affirmed on Counts V and VI; sentences vacated on Counts II, III, IV, V and VI and remanded for new sentencing.

All concurring.