STATE of Maine

v.

**Wayne KEEFE.**

Supreme Judicial Court of Maine.

Argued Jan. 17, 1990.
Decided April 13, 1990.

---

R. Christopher Almy, Dist. Atty., Philip C. Worden (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Martha J. Harris (orally), Paine, Lynch & Harris, Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Defendant Wayne Keefe appeals from an order of the Superior Court (Penobscot County, *Chandler, J.*) resentencing him following an appeal that resulted in acquittal of the most serious charge in a multi-count indictment. Defendant contends that the court imposed an enhanced sentence on Count II and violated his right to due process under the Maine and United States Constitutions. Defendant also challenges the consecutive periods of probation imposed by the court on Counts III and IV. We affirm in part and vacate in part.

■ Defendant was originally charged in a six count indictment as follows: I, attempted murder; II, aggravated assault; III & IV, criminal threatening with a dangerous weapon; V, burglary; and VI, illegal possession of a loaded firearm in a vehicle. Following a non-jury trial in the Superior Court, he was convicted and sentenced on all counts. His appeal resulted in an acquittal on Count I, attempted murder, and the cause was remanded back to the Superior Court for resentencing on the remaining counts. *See State v. Keefe,* 553 A.2d 1253 (Me.1989). Defendant was originally sentenced on Count II, aggravated assault, to 4 years incarceration and no probation. Upon remand, he was sentenced to 8 years. All but 4 years of that sentence was suspended and he was given 4 years probation. Defendant contends that the enhancement of his sentence on Count II violates his right to due process. Specifically, he cites *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), which establishes a presumption of vindictiveness where the sentence on remand is enhanced after a successful appeal. In order to overcome the presumption, the sentencing justice must justify the increase with reasons, stated on the record, "based on objective information concerning identifiable conduct on the part of the defendant occurring after the original sentencing proceeding." *State v. Palmer,* 468 A.2d 985, 988 (Me.1983) (adopting *Pearce* as a matter of state constitutional law). Defendant correctly points out that the only indications on the record respecting defendant's post-sentence conduct were positive.

■ It is true that resentencing resulted in a longer sentence on Count II. The State argues, however, that for purposes of due process and the application of the *Pearce* presumption, the sentences should be compared in the aggregate rather than on a count by count basis. In the State's view, the presumption of vindictiveness is triggered only if defendant's second sentence, in aggregate, was actually *longer* than his first.[1] The state contends that the rationale of *Pearce* supports application of the "aggregate package" rule when dealing with resentencing of the remaining

---

1. Defendant's aggregate first sentence was 6 years unsuspended incarceration, 14 years probation. His aggregate second sentence was 6 years unsuspended incarceration, 12 years probation.

counts of a multi-count indictment, especially where, as here, the charges stem from a single criminal episode.[2] According to the state, "the danger the *Pearce* court sought to minimize was retaliation for a defendant's exercise of the right to an appeal." *State v. Palmer*, 468 A.2d at 988. In this case, defendant lost nothing by his successful appeal; rather, he failed to realize a net gain.

■ While there is no United States Supreme Court decision directly on point, this precise issue has recently been decided by several of the United States courts of appeals, and those cases support the state's position. *See, e.g., United States v. Pimienta–Redondo*, 874 F.2d 9 (1st Cir.1989) (en banc); *United States v. Gray*, 852 F.2d 136 (4th Cir.1988); *United States v. Diaz*, 834 F.2d 287 (2d Cir.1987); *United States v. Shue*, 825 F.2d 1111 (7th Cir.1987). Most closely analogous is *United States v. Pimienta–Redondo*. In that case, the defendants obtained on appeal a reversal of one of two counts of possessing controlled substances with intent to distribute. On remand, the United States District Court for the District of Puerto Rico sentenced the defendants to an equivalent amount of time on the remaining count as the original sentence. The United States Court of Appeals for the First Circuit, sitting en banc, rejected defendants' due process challenge to their new sentences. In reaching its decision, the court explained:

> The offenses charged establish a permissible range of punishment and the court then designs the ultimate sentencing plan by considering the accused's actual conduct during the criminal enterprise, as well as his life, health, habits, and background. The myriad of other factors underlying the original sentence in a multiple count case are not necessarily altered when a defendant successfully appeals his conviction on one count.

. . . .

> [C]ommon sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand, within applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal.

*United States v. Pimienta–Redondo*, 874 F.2d at 14. We are persuaded by the *Pimienta–Redondo* court's reasoning and hold that where, as here, the charges of a multi-count indictment stem from a single criminal episode, the *Pearce* presumption of vindictiveness is triggered only if the sentences, in aggregate, are enhanced.

■ Defendant also challenges the court's order respecting Counts III & IV, which sentences impose consecutive periods of probation.[3] Defendant correctly points out that decisions of this Court hold that 17–A M.R.S.A. § 1203(1) does not authorize a sentencing court to delay the commencement of a period of probation past the completion of the unsuspended period of incarceration. *See, e.g., State v. Parks*, 544 A.2d 1269 (Me.1988); *State v. Whitmore*, 540 A.2d 465 (Me.1988). Accordingly, the four-year probationary period on Count IV is unauthorized because it does not commence until two years after defendant's release from prison.

The entry is:

The sentence on Count IV is vacated and remanded for resentencing in accordance with the opinion herein. The remaining judgments and sentences are affirmed.

McKUSICK, C.J., and HORNBY and COLLINS, JJ., concurring.

GLASSMAN, Justice, dissenting.

I must respectfully dissent. The court should review this sentence count by count.

---

2. Sometime during the evening of August 27, 1986, defendant broke into a trailer, shot one of the occupants and threatened two others at gunpoint.

3. Count II's remanded sentence was 8 years incarceration, all but 4 suspended; 4 years probation to commence immediately. Count III's remanded sentence was 4 years incarceration, all but 3 suspended (consecutive to II); 4 years probation (consecutive to II). Count IV's remanded sentence was 4 years incarceration, all but 3 suspended (consecutive to II & III); 4 years probation (consecutive to II & III).

In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the United States Supreme Court limited the power of the sentencing court to increase a criminal defendant's sentence after reconviction following a new trial. The Court stated:

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
>
> In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear.

*Id.* at 725–26, 89 S.Ct. at 2080–81. By its terms, *Pearce* does not forbid the imposition of a harsher sentence, only that the revised sentence "be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Id.*

This court does not apply a "presumption of vindictiveness" because Keefe's resentence, measured in the aggregate, includes the same length of imprisonment as did the original sentence. This means of assessing his sentence, however, offends both the Due Process Clause and the notions of fundamental fairness that underlie it. Keefe was *acquitted* of attempted murder, unquestionably the most serious charge in the indictment. He can be neither retried for this offense nor reconvicted. This acquittal dramatically decreased the "package" of charged offenses and simple fairness mandates that the length of his imprisonment should reflect this change. Considered separately, his sentence for aggravated assault was sharply increased, and the presumption of vindictiveness must stand unless the sentencing court can point to untoward behavior that warrants this increase. By its own admission, however, the sentencing court acknowledged Keefe's conduct to be that of a model prisoner.

The court here appropriates the rationale employed by the First Circuit in *United States v. Pimienta–Redondo*, 874 F.2d 9 (1st Cir.1989). This reliance is misplaced. In *Pimienta–Redondo*, the government originally charged each of the two defendants with two separate counts of possessing a controlled substance with intent to distribute. The trial court sentenced one defendant to five and the other to six years imprisonment for each count, with the sentences to run consecutively. On appeal, the circuit court held that the two counts, construed as separate offenses in a previous decision, could not be so construed under the peculiar jurisdictional facts of the case. Accordingly, the circuit court vacated one of the counts as to each defendant. On remand, the trial court resentenced the defendants to ten and twelve years respectively for the remaining count. Though the defendants received the same length of sentence upon remand, it is apparent that the *same* years were imposed for the *same* offense. These facts are far removed from those of the present case. Here, as a result of his appeal, Keefe was acquitted outright of the most serious charge for which he had received the most severe sentence.

As *Pearce* made clear, due process requires that a criminal defendant not be deterred from appealing his conviction because he is afraid of retaliation by the sentencing court. Such fear chills the exercise of the right of appeal. The court's reasoning in support of an "aggregate package" rule contravenes this important principle. Accordingly, I would vacate the sentence imposed by the Superior Court and remand for resentencing.