**STATE of Maine**

v.

**Jessie OSBORNE.**

Supreme Judicial Court of Maine.

Argued March 15, 1993.

Decided April 8, 1993.

Stephanie Anderson, Dist. Atty., Jane Elizabeth Lee (orally), Asst. Dist. Atty., Portland, for plaintiff.

Kenneth D. Keating (orally), Petruccelli & Martin, Portland, for defendant.

Before, WATHEN, C.J., and ROBERTS, GLASSMAN, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Defendant Jessie Osborne appeals from a judgment of conviction entered in the Superior Court (Cumberland County, *Lipez J.*) after a nonjury trial in which he was found guilty of eight counts of unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C) (Supp.1992).[1] He contends that the trial court erroneously admitted certain evidence, that it impermissibly shifted the burden of proof, that his due process rights were violated, and that the evidence was insufficient to convict him on Counts III and IV. Finding no merit in any of these contentions, we affirm the judgment.

The court heard the following evidence. Defendant sexually abused his stepdaughter, then under 14 years of age, on numerous occasions over a period of several years. Unable to enlist her mother's assis-

---

1. 17–A M.R.S.A. § 255(1)(C) provides:
   1. A person is guilty of unlawful sexual contact if the person intentionally subjects another person to any sexual contact, and: ...

C. The other person, not the actor's spouse, has not in fact attained the age of 14 years and the actor is at least 3 years older[,]

tance, the stepdaughter finally moved to her aunt's house and told her aunt and grandmother of defendant's abuse. The grandmother confronted the mother and asked her what she planned to do about the situation. Shortly after this confrontation, defendant and the mother left the state without telling any family members about their travel plans. They remained in Virginia for several months and did not let anyone know where they were or how they might be contacted.

 Defendant contends that the trial court erroneously admitted evidence concerning his sudden departure from the state, because such evidence is admissible only when there has been police involvement or when a defendant flees immediately following the commission of a crime. Because defendant did not object to the admission of this evidence at trial, we review his claim for obvious error. *See* M.R.Crim.P. 52(b). In *State v. Rouselle,* 559 A.2d 779, 780 (Me.1989), we said that "[e]vidence of flight to avoid accusation or arrest, when viewed with other incriminating evidence, may demonstrate a consciousness of guilt." In this case, it may be inferred from defendant's sudden departure that he left the state to avoid accusation. There was no error, much less obvious error, in the court's admission of this evidence.

Next defendant asserts that the remarks made by the trial court at the time it found him guilty demonstrated that the burden of proof had been shifted to defendant. We disagree. A review of the record reveals that the court found the State had proved its allegations beyond a reasonable doubt. The court's explanatory remarks addressed the credibility of the witnesses, a matter clearly within the province of the factfinder. *State v. Reardon,* 486 A.2d 112, 117 (Me.1984).

There is also no merit in defendant's contention that his due process rights of notice and confrontation were violated. The State was not required to establish a precise time frame for each of the incidents. *State v. Parks,* 544 A.2d 1269, 1270 (Me.1988).

Finally, there was sufficient evidence to convict defendant on Counts III and IV. *State v. Barry,* 495 A.2d 825, 826 (Me. 1985).

The entry is:

Judgments affirmed.

All concurring.